**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **IN RE:**<br><br>**Thomas Gordon Maag**<br>**Maag Law Firm, LLC**<br>**22 West Lorena Avenue**<br>**Wood River, IL 62095** | **Case Number: 3:26-mc-00068-SMY** |

# MEMORANDUM AND ORDER

**YANDLE, Chief District Judge:**

On September 24, 2026, the Supreme Court of Illinois entered an order suspending Thomas Gordon Maag from the practice of law for two (2) years and until further order of the Court, as recommended by the Illinois ARDC Review Board. This order of suspension came to the Court's attention through notice generated by the Illinois ARDC. Thus, a Notice of Impending Disciplinary Action pursuant to SDIL-LR 83.3(c)(2), was entered on October 2, 2026, instructing Maag to show cause within 30 days as to why the imposition of identical discipline would be unwarranted (Docs. 1 and 2). Maag filed a response to the Notice of Impending Disciplinary Action on November 2, 2026 (Doc. 5).

Maag contends identical discipline is unwarranted for three reasons: first, the "primary reason" for the discipline imposed was his "alleged non-cooperation" with a "request by the Illinois ARDC" for a computer hard-drive he was not court-ordered to produce; second, the evidence does not support the actual allegations made against him; and third, identical discipline is not warranted under the facts and law (Doc. 5, pp. 1-7). He asserts he "would not object to a suspension for less than six months, but in any event,

reinstatement should not be dependent on whether the Illinois Supreme Court allows reinstatement" (Doc. 5, p. 8).

According to SDIL-LR 83.3(e), this Court shall impose identical discipline unless the respondent-attorney demonstrates, or the Court finds, one of four exceptions exists including "that the imposition of the same discipline by this Court would result in grave injustice." *See also Selling v. Radford,* 243 U.S. 46, 51 (1917). This Court finds that none of the exceptions under SDIL-LR 83.3(e) exist in this case.

The underlying 40-page Report and Recommendation of the Illinois ARDC Review Board affirms all the Hearing Board's findings of misconduct and sanction recommendation on the three-count disciplinary complaint and rejects Maag's arguments made herein. *See In re Maag*, No. 2023PR00054 (Ill. Attorney Registration & Disciplinary Comm'n Review Bd. Apr. 9, 2026). The Review Board carefully considered Magg's arguments regarding his failure to comply with a subpoena, discusses his past discipline, the lengthy review process, the due process provided, the extensive evidence considered, the findings of misconduct as supported by the record, and any potential aggravating and mitigating factors. *See id.* As such, Maag was provided due process. Moreover, there was not an "infirmity of proof" such that this Court cannot accept the Illinois Supreme Court Order as final, and the misconduct established does not warrant substantially different discipline. *See* SDIL-LR 83.3(e). In sum, a grave injustice will not result from the imposition of the same discipline. *Id.*

Accordingly**,** Thomas Gordon Maag is suspended from the practice of law in this Court for two (2) years and until further order of the Court, effective **14 days from today's date**. Any application for reinstatement must conform to SDIL-LR 83.4. Maag is

**ORDERED** to send a copy of this Order to all his clients that have cases currently pending before this Court **INSTANTER.** *See* Exhibit A.

Fourteen (14) days from today's date, Maag's name shall be stricken from the roll of attorneys admitted to practice before this Court and he will be stricken from the docket sheet as counsel of record in any pending cases. Therefore, any client of Maag's in a case pending in this Court needs either: (1) new counsel to enter on their behalf; or (2) to provide notice to the presiding judge in their pending case that they seek to represent themselves *pro se*, along with their current contact information. If representing themselves *pro se*, any communication directed to the Court should be in the form of a motion or other pleading, not a letter. All mail should be sent to: Clerk's Office, U.S. District Court, 750 Missouri Avenue, East St. Louis, IL 62201. Forms and information for *pro se* parties, including a *Pro Se Litigant Guide*, are available on the Court's website. Finally, any *pro se* party must ensure the Court has their accurate contact information at all times. Failure to receive a filing or other Court notice due to a failure to provide accurate contact information for a *pro se* party may result in dismissal of the action or the imposition of sanctions.

**IT IS SO ORDERED.**

**DATED: 11/17/2026**

**STACI M. YANDLE**
**Chief U.S. District Judge**